**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF | No. CV11-0746 PHX DGC |
| Daniel R. Reyes, III and | BK No. **2:10-BK-17082-GBN** |
| Esmeralda Reyes | |
| Debtors | **ORDER** |
| David Allegrucci, | |
| Appellant | |
| vs. | |
| Russell A. .Brown, | |
| Appellee. | |

Daniel R. Reyes III and Esmeralda Reyes are petitioners in a Chapter 13 bankruptcy case. The Bankruptcy Court below denied six of Petitioners' objections and declined to confirm the bankruptcy plan. Doc. 5 at 3. Petitioners appeal the denial of their objections, but do not dispute Appellee's assertion that the bankruptcy case has not been dismissed and that Petitioners have filed an amended plan that has not yet been ruled upon by the Bankruptcy Court. Doc. 7 at 6-9; Doc. 9 at 3. Petitioners assert that this Court has jurisdiction under 28 U.S.C. § 158(a)(1) (Doc. 5 at 3:12-13) because the order below was final or, in the alternative, that Rule 8002(a) of the Federal Rules of Bankruptcy Procedure permits the early filing of appeals (Doc. 9 at 3).

The party asserting jurisdiction has the burden to establish jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Appellants assert jurisdiction pursuant to § 158(a)(1). Doc. 5 at 3:12-13. Under 28 U.S.C. § 158(a)(1), a federal district court has jurisdiction over appeals "from final judgments, orders, and decrees" in bankruptcy cases. The use of the term "final" does not mean merely "unchanging," as Petitioners appear to suggest. *See In re Giesbrecht*, 429 B.R. 682, 687 (9th. Cir. BAP 2010).

The Ninth Circuit has held that "the denial of plan confirmation is interlocutory." *Id.* A petitioner may appeal a confirmation of a plan after properly preserving objections. *See id.* at 687-88 ("In this case, the Debtors amended their original plan to accommodate the bankruptcy court's reasons for denying confirmation of their original plan and then appealed the Confirmation Order. . . . [W]e accept the Confirmation Order as the final order that challenges the Order Denying Confirmation."). A petitioner may also appeal the dismissal of the petition. *Id.* Because neither occurred here and, therefore, a final order has not been issued below, § 158(a)(1) is not a valid basis for jurisdiction over this appeal. Moreover, because a final order has not been "announced" below, Rule 8002(a) is inapposite.[1]

**IT IS ORDERED:**

1. The opening brief (Doc. 5) is **denied**.
2. This appeal is **dismissed without prejudice** due to lack of jurisdiction.

DATED this 11th day of August, 2011.

_____
David G. Campbell
United States District Judge

---

[1] Rule 8002(a) provides in part that "[a] notice of appeal filed after the *announcement* of a decision or order *but before entry* of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Fed. R. Bankr. P. 8002(a) (emphasis added).

- 2 -